## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

SHARON MCNULTY )
56 Pearson Avenue )
Somerville, MA 02144, )
)
        Plaintiff, )
)
    v. )
)
MASSACHUSETTS BAY COMMUTER )
RAIL COMPANY,LLC )
89 South Street-8th Floor )
Boston, MA 02110 ..)
)
       and )
)
MASSACHUSETTS BAY )
TRANSPORTATION AUTHORITY )
a/k/a MBTA )
10 Park Plaza )
Boston, MA 02116 )
)

CIVIL ACTION NO.:

# 5 · 1 0 0 4 0 WGY

MAGISTRATE JUDGE _Alexander_

JURY TRIAL DEMANDED

RECEIPT # _61382_
AMOUNT $ _150_
SUMMONS ISSUED _Yes_
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _ADM_
DATE _1/12/05_

## COMPLAINT

    COMES NOW the plaintiff, Sharon McNulty, by and through the undersigned counsel, MyersLafferty Law Offices, P.C., and Law Offices of Mario Bozza, Esq., and claims of the defendant, Massachusetts Bay Commuter Rail Company, LLC and defendant, Massachusetts Bay Transportation Authority, an amount in excess of the statutory arbitration limits, and avers the following:

1.    Plaintiff, Sharon McNulty is an adult individual residing at 56 Pearson Avenue, Somerville, Massachusetts.

2.    Defendant, Massachusetts Bay Commuter Railroad Company, LLC ("MBCR"), is and was at all times material hereto a corporation duly organized and existing under and by virtue of law and was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire

in interstate commerce and transportation in, through and between various and several states of the United States and doing business in the City of Boston, MA.

3.      Defendant, Massachusetts Bay Transportation Authority ("MBTA") is and was at all times material hereto a Massachusetts public transportation corporation with a principal place of business located at 10 Park Plaza, Boston, Massachusetts, 02116.

4.      At all times material hereto and for some time prior thereto, plaintiff was in the employ of the defendant MBRC as an assistant conductor in furtherance of the carrier's business of interstate commerce and transportation by railroad.

5.      At all times material hereto and for some time prior thereto, defendant MBCR operated locomotives and/or trains owned and /or maintained by defendant MBTA.

## COUNT 1
## SHARON MCNULTY v. MBCR

6.      Plaintiff repeats, realleges and incorporated fully herein by reference the allegations contained in paragraphs 1 through 5 as if fully set forth herein.

7.      This action is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. §§51, et seq. (1908) and the Federal Safety Appliance Act, 45 U.S.C.A. §§1, et seq.

8.      On or about March 28, 2004, plaintiff was working aboard train number 2314 that pulled into the Wilmington Station.  Plaintiff was required to open the trap door hatch to let passengers enter and exit the train.

9.      While performing her duties on March 28, 2004, plaintiff attempted to opn the trap door ad was injured when the trap door malfunctioned.

10.     Plaintiff's injuries were caused, both directly and proximately, by the negligence, gross negligence, carelessness, recklessness, and/or unlawful conduct of the defendant acting by and through its agents, servants and employees and/or its ostensible agents, servants and employees in the following respects:

2

(a)    failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of her employment by failing to provide plaintiff with the proper tools and/or equipment necessary to safely perform such duties;

(b)    failing to properly maintain, inspect and repair such tools and/or equipment which plaintiff was required to use in the course and scope of her employment to ensure that same were reasonably safe to use and in good working condition;

(c )    failing to provide plaintiff a reasonably safe means of lifting, and/or opening the trap door on its coach car,

(d)    failing t o w arn p laintiff o f the u nreasonably dangerous c onditions and/or hazardous condition of the work area, including but not limited to defective and malfunctioning trap doors on its trains;

(e)    failing to comply with governmental and/or other applicable safety regulations concerning the proper and safe repair and maintenance of its coach car trap doors;

(f)    failing to comply with governmental and/or other applicable safety regulations concerning the maintenance, repair, operation and/or use of the tools and/or equipment plaintiff was require to use to perform her job related duties;

and

(g)    failing to provide plaintiff with proper tools and equipment to perform her job without risk of injury.

11.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was caused to suffer severe and permanent injuries, severe shock to her nerves and nervous system, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of any other personal injuries she may have sustained, plaintiff suffered injuries to her right wrist by

3

reason of which she has suffered great physical pain and mental distress which she yet suffers and will continue to suffer into the future.

12.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect a cure and/or a diminution of her injuries.

13.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restriction of her usual activities, pursuits and pleasures.

14.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses or losses.

15.    The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant, its agents, servants and employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

**COUNT II**
**In Negligence**
**Pendent Jurisdiction Under U.S. Constitution,**
**Article III, Section 2**
**SHARON MCNULTY v. MBTA**

16.    Plaintiff repeats, realleges and incorporated fully herein by reference the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

17.    This action is brought against defendant, MBTA predicated upon negligence.

4

18.     On or about March 28, 2004, defendant, MBTA negligently maintained its train car trap door, causing plaintiff to be injured.

19.     Plaintiff's injuries were caused, both directly and proximately, by the negligence, gross negligence, carelessness, recklessness, and/or unlawful conduct of the defendant acting by and through its agents, servants and employees and/or its ostensible agents, servants and employees in the following respects:

(a)     failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of her employment by failing to provide plaintiff with the proper tools and/or equipment necessary to safely perform such duties;

(b)     failing to properly maintain, inspect and repair such tools and/or equipment which plaintiff was required to use in the course and scope of her employment to ensure that same were reasonably safe to use and in good working condition;

(c )     failing to provide plaintiff a reasonably safe means of operating trap doors without the risk of injury,

(d)     failing to warn plaintiff of the unreasonably dangerous conditions and/or hazardous condition of the work area, including but not limited to defective and malfunctioning trap doors on its trains;

(e)     failing to comply with governmental and/or other applicable safety regulations concerning proper and safe repair and the maintenance of its coach car trap doors;

(f)     failing to comply with governmental and/or other applicable safety regulations concerning the maintenance, repair, operation and/or use of the tools and/or equipment plaintiff was require to use to perform her job related duties;
and

(g)     failing to provide plaintiff with proper tools and equipment to perform her job without risk of injury.

5

20.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was caused to suffer severe and permanent injuries, severe shock to her nerves and nervous system, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of any other personal injuries she may have sustained, plaintiff suffered injuries to her right shoulder resulting in a right shoulder long head bicep tear by reason of which she has suffered great physical pain and mental distress which she yet suffers and will continue to suffer into the future.

21.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect a cure and/or a diminution of her injuries.

22.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restriction of her usual activities, pursuits and pleasures.

23.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses or losses.

24.    The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant, its agents, servants and employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

**A jury trial is demanded.**

Dated:    1-11-05

LAW OFFICES OF MARIO BOZZA

Mario Bozza, Esquire
63 Commercial Wharf
Boston, MA 02110
(617) 367-3100

Of Counsel:

MYERS LAFFERTY LAW OFFICES, P.C.
Steven M. Lafferty, Esquire
1515 Market Street, Suite 1310
Philadelphia, PA 19102

7

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)   PLAINTIFFS

Sharon McNulty

### DEFENDANTS

Massachusetts Bay Commuter Rail Company, LLC and Massachusetts Bay Transportation Authority

**(b)**   County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**   Attorney's (Firm Name, Address, and Telephone Number)

Steven M. Lafferty, Esq.
Myers Lafferty Law Offices, PC
1515 Market Street, Suite 1310
Philadelphia PA 19102
215-988-1229

Mario Bozza, Esq
63 Commercial Wharf
Boston, MA 02110
617-367-3100

Attorneys (If Known)

## II.  BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                 and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☒ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V.  ORIGIN   (Place an "X" in One Box Only)

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
another district
(specify)

☐ 6   Multidistrict
Litigation

☐ 7   Appeal to District
Judge from
Magistrate
Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
45 USAA 851 et seq - 45 USca 81

Brief description of cause:
Federal Employers Liability - Personal Injury

## VII.  REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII.  RELATED CASE(S)
IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   1-11-05

SIGNATURE OF ATTORNEY OF RECORD   _Mario Bozza_

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.    Title of case (name of first party on each side only)_____

      Sharon McNulty v. Massachusetts Bay Commuter Rail Company, LLC

2.    Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See
      local rule 40.1(a)(1)).

      [ ]    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

      [ ]    II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
                   740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

      [X]    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                   315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                   380, 385, 450, 891.

      [ ]    IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                   690, 810, 861-865, 870, 871, 875, 900.

      [ ]    V.    150, 152, 153.

3.    Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in
      this district please indicate the title and number of the first filed case in this court.

      _____N\A_____

4.    Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                    YES [ ]      NO [X]

5.    Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
      28 USC §2403)

                                                                    YES [ ]      NO [X]

      If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                    YES [ ]      NO [ ]

6.    Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                    YES [ ]      NO [X]

7.    Do all of the parties  in this action, excluding governmental agencies of the united states and the Commonwealth of
      Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? -  (See Local Rule
      40.1(d)).

                                                                    YES [X]      NO [ ]

      A.    If yes, in which division do all of the non-governmental parties reside?

            Eastern Division [X]         Central Division [ ]          Western Division [ ]

      B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
            agencies,  residing in Massachusetts reside?

            Eastern Division [ ]         Central Division [ ]          Western Division [ ]

8.    If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If
      yes, submit a separate sheet identifying the motions)

                                                                    YES [ ]      NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ____Maria Bozza____                          ____Steven Lafferty____
ADDRESS ____63 Commercial Wharf Boston Ma 02110____   ____1515 Market St - 1310 Ph.1, PA 19102____
TELEPHONE NO. ____617-367-3100____                        ____215-988-1229____

(Coversheetlocal.wpd  - 10/17/02)