UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

C.A. NO. 05-10040WGY

2005 FEB 18 P 1:12

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| SHARON MCNULTY, <br> Plaintiff | ) <br> ) <br> ) |
| v. | ) <br> ) |
| NATIONAL RAILROAD <br> PASSENGER CORPORATION and <br> MASSACHUSETTS BAY <br> TRANSPORTATION AUTHORITY, <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) |

The defendant, Massachusetts Bay Transportation Authority ("MBTA"), hereby answers the plaintiff's Complaint as follows:

1. The defendant, MBTA, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. The defendant, MBTA is not called upon to respond to this paragraph.

3. The defendant, MBTA admits the allegations contained in paragraph 3 of the Complaint.

4. The defendant, MBTA, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. The defendant, MBTA denies the allegations contained in paragraph 5 of the Complaint.

## COUNT I

6. The defendant, MBTA restates and incorporates herein by reference its answers to Paragraphs 1 through 5 of plaintiff' Complaint as if set forth word for word.

7. The defendant, MBTA, is not called upon to respond to this statement of facts.

8. The defendant, MBTA, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. The defendant, MBTA, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. The defendant, MBTA, is not called upon to respond to this paragraph.

11. The defendant, MBTA denies the allegations contained in paragraph 11 of the Complaint.

12. The defendant, MBTA denies the allegations contained in paragraph 12 of the Complaint.

13. The defendant, MBTA denies the allegations contained in paragraph 13 of the Complaint.

14. The defendant, MBTA denies the allegations contained in paragraph 14 of the Complaint.

15. The defendant, MBTA denies the allegations contained in paragraph 15 of the Complaint.

## COUNT II

16. The defendant, MBTA restates and incorporates herein by reference its answers to Paragraphs 1 through 15 of plaintiff' Complaint as if set forth word for word.

17. The defendant, MBTA, is not called upon to respond to this statement of law.

18. The defendant, MBTA denies the allegations contained in paragraph 18of the Complaint.

19. The defendant, MBTA denies the allegations contained in paragraph 19 of the Complaint.

20. The defendant, MBTA denies the allegations contained in paragraph 20 of the Complaint.

21. The defendant, MBTA denies the allegations contained in paragraph 21 of the Complaint.

22. The defendant, MBTA denies the allegations contained in paragraph 22 of the Complaint.

23. The defendant, MBTA denies the allegations contained in paragraph 23 of the Complaint.

24. The defendant, MBTA denies the allegations contained in paragraph 24 of the Complaint.

WHEREFORE, defendant, MBTA, denies the plaintiff is entitled to judgment against defendant, MBTA as alleged in the Complaint.

## AFFIRMATIVE DEFENSES

As a separate and distinct defense, the defendant MBTA alleges:

1. Plaintiff's complaint fails to state a claim upon which relief can be granted.

2. If the MBTA was guilty of any negligence proximately causing the injuries set forth in the complaint, all of which MBTA expressly denies, then plaintiff is guilty of negligence contributing to cause the injuries alleged in the complaint.

3. Plaintiff's claim should be barred because plaintiff was guilty of negligence which was a contributing cause of his injuries and which negligence was greater than the amount of negligence, if any, attributable to the MBTA, or alternatively, plaintiff's claim should be reduced by the amount of plaintiff's negligence.

4. The actions or inactions of MBTA were not the proximate cause of plaintiff's alleged injuries, but said injuries, if any, were the result of other intervening and superseding causes for which MBTA was not responsible.

5. The acts or failures to act alleged in the complaint were committed or omitted, if at all, by parties for whose conduct or inaction MBTA was not, and is not, legally responsible.

6. Plaintiff's Complaint is barred by the Statute of Limitations.

7. To the extent that plaintiff seeks recovery from MBTA for pain and suffering, such claims are barred by the provisions of G.L. c.231, §6D.

8. Plaintiff's claims are barred because plaintiff has failed to mitigate the damages plaintiff claims, or alternatively, the damages are limited to the extent that the plaintiff has failed to mitigate damages.

DEFENDANT, MBTA, CLAIMS THE RIGHT TO TRIAL BY JURY ON ALL ISSUES.

WHEREFORE, defendant, MBTA, respectfully requests that the Court:

1. Deny the relief sought by plaintiff in the complaint and dismiss the complaint with prejudice;

2. Award the MBTA reasonable costs and attorneys' fees; and

3. Order such other and further relief as the Court deems just and proper.

DEFENDANT, MBTA, DEMANDS TRIAL BY JURY.

> MASSACHUSETTS BAY
> TRANSPORTATION AUTHORITY,
> By its attorney,
>
> *Edward P. Harrington*
> Edward P. Harrington
> Assistant General Counsel
> MBTA Law Department
> Ten Park Plaza
> Boston, MA 02116
> (617) 222-3192
> BBO #559482

Dated: 2-16-05

## CERTIFICATE OF SERVICE

I hereby certify that on the above date, I served a copy of the foregoing, postage pre-paid to:

*Edward P. Harrington*
Edward P. Harrington
Assistant General Counsel